Argued and submitted June 18, affirmed July 22, petition for review allowed November 19, 2020 (367 Or 257)
See later issue Oregon Reports

In the Matter of Y. S. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. D.
and J. J.,
*Appellants.*

Jackson County Circuit Court
19JU06048;
A172540 (Control), A172676

In the Matter of T. J. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. D.
and J. J.,
*Appellants.*

Jackson County Circuit Court
19JU06049;
A172541, A172677

469 P3d 869

David G. Hoppe, Judge.

George W. Kelly argued the cause and filed the brief for appellant P. D.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant J. J.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Parents appeal the juvenile court judgments establishing jurisdiction over their two children under ORS 419B.100(1)(c).[1] While the parents and children were visiting family in Oregon, mother took methamphetamine and had a "mental breakdown" during which she assaulted one of the children. As part of a safety plan with the Department of Human Services (DHS), father agreed that he would not allow mother to have contact with their children. However, after mother was released from jail, father let mother see the children at the aunt's home. This led to DHS removing the children. At a shelter hearing, the court exercised temporary emergency jurisdiction under ORS 109.751 and placed the children in the temporary custody of DHS. The court subsequently adjudicated the dependency petitions and took jurisdiction over both children under ORS 419B.100(1)(c).

Parents argue that, under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the children's home state is California and that Oregon did not have subject-matter jurisdiction to exercise emergency temporary jurisdiction because the requisite criteria under ORS 109.751(1) were not met. Additionally, they contend that, even if the juvenile court's exercise of emergency temporary jurisdiction was lawful, ORS 109.751 does not authorize a court to adjudicate dependency petitions or enter dependency jurisdiction judgments. Finally, father argues that the evidence is legally insufficient to support the juvenile court's determination that it had dependency jurisdiction.

Parents' arguments regarding the scope of temporary emergency jurisdiction under the UCCJEA are foreclosed by our recent decision in *Dept. of Human Services v. J. S.*, 303 Or App 324, 464 P3d 157 (2020). We conclude further that there was legally sufficient evidence in the record to support the juvenile court's exercise of jurisdiction under ORS 109.751(1) (to the extent parents challenge the sufficiency of the evidence on that point), and to support the court's subsequent determinations that it had dependency

---

[1] We note that ORS 419B.100 has been amended since the judgment was entered in this case. Those amendments did not alter the text of ORS 419B.100 (1)(c), the provision at issue in this appeal.

jurisdiction under ORS 419B.100(1)(c). We therefore affirm the judgments taking dependency jurisdiction over parents' children.

Affirmed.